IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

WILIAM TIMOTHY PARKER                                        PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 2019-053-cv7

MISSISSIPPI DEPARTMENT of WILDLIFE,
FISHERIES & PARKS, A STATE AGENCY,
AND OFFICER RICHARD HOLIFIELD
IN HIS INDIVIDUAL CAPACITY                                  DEFENDANTS

<u>SUMMONS</u>

STATE OF MISSISSIPPI

TO:   Sam Polles, PhD.
      Executive Director
      Mississippi Department of Wildlife, Fisheries & Parks
      1505 Eastover Drive
      Jackson, MS 39211-6374

**NOTICE TO DEFENDANT**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Joe Sam Owen, the attorney for the Plaintiff, whose mailing address is Post Office Drawer 420, Gulfport, Mississippi, 39502, and whose physical address is 1414 25th Avenue, Gulfport, Mississippi 39501.  Your responses must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint, or a judgment of default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL, this 8th day of July, 2019.

CLERK OF CIRCUIT COURT,
JONES COUNTY, MISSISSIPPI

BY: _Tammy Williams_
    DEPUTY CLERK

Exhibit 1

**PROOF OF SERVICE - SUMMONS**

Name of Person or Entity Served: Sam Polles, PhD

      I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (**Attach complete acknowledgment of receipt pursuant to MRCP Form 1B**).

_____ PERSONAL SERVICE. I personally delivered copies to _____, _____(title) of *, registered agent for service of process for * on the _____ day of _____, 2019, where I found said person in _____ County of the State of _____.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County (state). I served this summons and Motion on the _____ day of _____, 2019, at the usual place of abode of said person by leaving a true copy of the Summons and Motion with _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Motion, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, mail, postage prepaid, requiring a return receipt) copies to the person served.  (**Attach signed return receipt or other evidence of actual delivery to the person served.**)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____
Process server must list below: {Please print or type)
Name: _____
Address: _____
Telephone No.: _____

STATE OF _____
COUNTY OF _____

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the with named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (Signature)

      Sworn to and subscribed before me this the \_\_\_\_ day of _____, 2019.

_____
NOTARY PUBLIC

## IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**WILIAM TIMOTHY PARKER**                                   **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 2019-053-cv7**

**MISSISSIPPI DEPARTMENT of WILDLIFE,**
**FISHERIES & PARKS, A STATE AGENCY,**
**AND OFFICER RICHARD HOLIFIELD**
**IN HIS INDIVIDUAL CAPACITY**                                   **DEFENDANTS**

### SUMMONS

**STATE OF MISSISSIPPI**

**TO:**   Richard Holifield
58 Calhoun Circle
Laurel, MS 39443

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Joe Sam Owen, the attorney for the Plaintiff, whose mailing address is Post Office Drawer 420, Gulfport, Mississippi, 39502, and whose physical address is 1414 25th Avenue, Gulfport, Mississippi 39501.  Your responses must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint, or a judgment of default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL, this 8th day of July, 2019.

CLERK OF CIRCUIT COURT,
JONES COUNTY, MISSISSIPPI

BY: _Tammy Williams_

DEPUTY CLERK

**PROOF OF SERVICE - SUMMONS**

Name of Person or Entity Served: Richard Holifield

     I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (**Attach complete acknowledgment of receipt pursuant to MRCP Form 1B**).

\_\_\_\_\_ PERSONAL SERVICE. I personally delivered copies to _____, _____(title) of \*, registered agent for service of process for \* on the _____ day of _____, 2019, where I found said person in _____ County of the State of _____.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County (state). I served this summons and Motion on the _____ day of _____, 2019, at the usual place of abode of said person by leaving a true copy of the Summons and Motion with _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Motion, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, mail, postage prepaid, requiring a return receipt) copies to the person served. (**Attach signed return receipt or other evidence of actual delivery to the person served.**)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____
Process server must list below: {Please print or type}
Name: _____
Address: _____
Telephone No.: _____

STATE OF _____
COUNTY OF _____

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the with named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (Signature)

     Sworn to and subscribed before me this the \_\_\_\_ day of _____, 2019.

_____
NOTARY PUBLIC

## IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**WILIAM TIMOTHY PARKER**                                **PLAINTIFF**

**VERSUS**                                CIVIL ACTION NO. 2019-053-cv7

**MISSISSIPPI DEPARTMENT of WILDLIFE,**
**FISHERIES & PARKS, A STATE AGENCY,**
**AND OFFICER RICHARD HOLIFIELD**
**IN HIS INDIVIDUAL CAPACITY**                                **DEFENDANTS**

---

## COMPLAINT
## (JURY TRIAL DEMANDED EXCLUDING COUNT III)

The Plaintiff, WILLIAM TIMOTHY PARKER, complains of the Defendants, Mississippi Department of Wildlife, Fisheries & Parks, and Officer Richard Holifield in his individual capacity, to wit:

### PARTIES

#### I.

Plaintiff, William Timothy Parker ("Parker"), is an adult resident citizen of Jones County, Mississippi.

#### II.

Defendant, Mississippi Department of Wildlife, Fisheries & Parks ("MDWFP") is a state agency/department operating under statutory authority to employ conservation officer(s), in particular Officer Richard Holifield ("Officer Holifield"). Further, MDWFP is subject to claims under 42 U.S.C. §§1983 and 1988 as well as under the Mississippi Torts Claim Act ("MTCA"). Officer Holifield is subject to claims under 42 U.S.C §§1983

and 1988 as well as under common law state claims. Parker has fully complied with the prelitigation notice requirement of the MTCA (MS Code § 11-46-11) and process may be served MDWFP by service on Sam Polles Ph.D., Executive Director of MDWFP and Phil Bryant, Governor of the state of Mississippi, and Officer Holifield may be served at his place of residence, 58 Calhoun Circle, Laurel, Mississippi 39443.

### III.

During the times complained of herein, Defendant, Officer Holifield, as a MDWFP conservation officer, was acting under color of state law and is sued in his individual capacity pursuant to 42 U.S.C.§1983, 42 U.S.C. §1988 and the laws of the state of Mississippi, excluding Count III under the MTCA. At the times complained of, Officer Holifield was assigned by MDWFP to perform the duties as a wildlife, fisheries and parks conservation officer in Jones County, Mississippi. The acts, omissions and events articulated herein occurred in Jones County, Mississippi, Second Judicial District. Moreover, Officer Holifield was executing the official policy or engaged in the custom or practice of MDWFP in the activation and use of his Taser and in expanding his assigned duties from a conservation officer to that of a traffic officer at the scene of a fire involving a private residence. It was through the execution of the official policy, custom or practice of MDWFP by Officer Holifield that resulted in the infliction of physical and emotional anguish to Parker and renders MDWFP responsible under 42 U.S.C. §1983. The official policy, custom or practice of MDWFP and Officer Holifield is established through the policies of MDWFP, and/or the informal practices and customs of its conservation officers, such as Officer Holifield, the inadequate training, supervision and

2

discipline of Officer Holifield as well as the single act alleged herein which effectively vested in Officer Holifield the final policymaking authority to inflict injury on a volunteer fireman responding to an emergent and serious residential fire.

## JURISDICTION AND VENUE

### IV.

This is a civil action brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. This Court possesses concurrent jurisdiction with its federal counterparts for suits brought pursuant to 42 US.C. § 1983 and 42 U.S.C. §1988. Jurisdiction is also invoked pursuant to the state law claims advanced herein.

### V.

This Court has jurisdiction over the parties and subject matter of this litigation. Venue is proper in the Circuit Court of Jones County, Second Judicial District in accord with Miss. Code Ann. § 11-46-13.

## FACTS

### VI.

On August 4, 2018, Parker received multiple calls from separate individuals seeking his assistance as a volunteer fireman relating to a massive residential fire that was in progress at the residence of Rick and Paige Dunkerton in the Second Judicial District of Jones County, Mississippi. The individuals who placed the calls were, and presumably still are, associated with various volunteer fire departments and Parker was requested Parker to transport his personal track hoe to the Dunkerton residence to aid in the removal of the metal roof from the Dunkerton home. The roof was impeding the

3

ability of the volunteer firemen to access and extinguish the fire. Parker was advised that it was an emergent situation because the fire was intense, and the volunteer fire responders involved were unable to impede the rapid spread of the fire without removal of the roof.

## VII.

Without hesitation, Parker responded and as Parker emergently traversed Hebron-Centerville Road pulling a lowboy trailer loaded with the track hoe, he observed in his rear-view mirror two volunteer fire trucks responding to the fire. As he traveled closer to the Dunkerton residence he observed the smoke emanating from the raging fire and as he reached a curve in the road, he began applying his brakes but due to the traffic congestion on both sides of the road he could not safely stop and park his rig. As Parker approached the Dunkerton residence, Richard Holifield, a conservation officer with the Mississippi Department of Wildlife, Fisheries and Parks, suddenly emerged onto the road of travel and began waving his arms. Parker attempted to sound his airhorn to alert Officer Holifield that he could not stop, however, he could not reach the airhorn so when he was in near proximity to Officer Holifield he began hand signaling for Officer Holifield to clear his path of travel. As Parker reached the Dunkerton residence he quickly exited his vehicle and hurried to the rear of lowboy to unload the trailer. At that point, an uncontrolled and extremely hostile Officer Holifield pulled his vehicle to the rear of Parker's lowboy, exited his vehicle and embarked upon a course of physical and verbal conduct, including the use of profanity, claiming that Parker attempted to violently strike him with the rig. Officer Holifield had been

4

previously advised prior to the arrival of Parker that a rig was in route transporting a track hoe.

Officer Holifield, more concerned with his ego and not the least bit concerned about the burning home of the Dunkerton family, demanded that Parker place his hands on the car. Parker tried to explain to Officer Holifield that he was requested by several individuals associated with the Volunteer Fire Departments to assist with extinguishing the fire and that a critical and emergent situation was in place with the Dunkerton home. The Dunkerton's suffered the tragic loss of their daughter to cancer and they were frantically trying to salvage memorabilia and photographs of their daughter within the burning home.

## VIII.

Parker implored Officer Holifield to permit him to assist the volunteer firemen and to satisfy the out-of-control officer, Parker even advised Officer Holifield that once his volunteer service was completed he would report back to Holifield. When Parker turned to move toward the lowboy, Officer Holifield's anger and hostility consumed his thought process, which Parker submits has been the practice and custom of Officer Holifield, at which point Officer Holifield immediately and intentionally activated his Taser directed at the back of Parker. At that point, Parker collapsed to the ground and when Parker was able to regain his senses, Officer Holifield continued with his inappropriate and hostile behavior by handcuffing Parker, an individual who was voluntarily responding to an emergent and dangerous situation. While Officer Holifield was playing the role of a traffic officer and simultaneously sending the proverbial

message that he was the new sheriff in town, the Dunkerton home continued to burn out of control. Members of the Volunteer Fire Department(s) frantically reached the uncontrollable Officer Holifield with the hope of explaining and confirming to Officer Holifield that Parker was acting in the capacity of a volunteer fireman, but to no avail. Officer Holifield continued his rampage and even threatened to employ the Taser on others. Parker submits that Officer Holifield does not possess the disposition, temperament or self- control to carry a weapon of any nature.

## IX.

Judge Charles Pickering, the father of Paige Dunkerton, approached the uncontrollable Officer Holifield seeking to explain to him that Parker was volunteering his time and equipment to assist in controlling the fire. Officer Holifield was not interested in any explanation and was not the least bit concerned about the fire consuming the Dunkerton residence. Shortly thereafter, Officer Holifield reluctantly released the cuff from each wrist so Parker could perform his critical role of removing the roof. The Taser prongs were also removed from Parker's back.  Parker, although injured from the Taser, quickly unloaded his track hoe and thereafter he began removing the roof from the burning house.  After the roof was removed and the fire extinguished, Parker was again handcuffed, transported from the scene, processed under the guidance of the MDWFP and incarcerated for the entire night. During the booking process, Parker overheard a conversation between Officer Holifield and another MDWFP officer that Officer Holifield better insure that the arrest, the use of the Taser and the resulting incarceration of Parker "will stick."

**X.**

As a result of this incident Parker sustained cracked ribs and an injury to his neck for which he was required to undergo pain management treatment. Parker suffered humiliation, embarrassment and emotional anguish as a proximate result of the intentional, inexcusable and illegal conduct of Officer Holifield as described herein.

**XI.**

The multiple misdemeanor charges advanced by Officer Holifield against Parker resulted in a complete acquittal on each charge by the Justice Court in Jones County, Mississippi on October 11, 2018. Although Officer Holifield and MDWFP well-knew that the arrest, the use of the Taser and the incarceration of Parker was a gross miscarriage of justice, they continued to move forward on the misdemeanor charges fearful of the ramifications of the subject lawsuit. MDWFP and Officer Holifield were willing to continue to expose Parker to further embarrassment and humiliation, all for the purpose of self-preservation and using the criminal justice system to  justify his outrageous and inexcusable conduct.

## COUNT I- EXCESSIVE FORCE CLAIM UNDER 42 U.S.C. § 1983 AS TO MDWFP AND HOLIFIELD

**XII.**

Parker restates and realleges the allegations in paragraphs I through XI above as if specifically set forth herein.  Furthermore, claims asserted in paragraphs (XIII) through (XV) implicate the conduct of Officer Holifield in his individual capacity.

### XIII.

The actions of Officer Holifield were objectively unreasonable and constituted criminally excessive force against Parker, who, at the time Officer Holifield employed excessive force towards him, was acting in the capacity of a volunteer firemen. Officer Holifield's actions in unlawfully and intentionally activating his Taser and arresting Parker were without a warrant, void of any exigent circumstances, and/or probable cause, thereby egregiously violating the "reasonableness" standard guaranteed under the Fourth Amendment of the United States Constitution. At all times pertinent to this action, Officer Holifield was acting under the color of state law and in his individual capacity as a conservation officer for MDWFP. The factual allegations adopted herein caused a deprivation of Parker's Due Process and Privacy Rights guaranteed under the Fourth and Fourteenth Amendments. Such deprivations were a direct and proximate cause of the injuries and damages Parker sustained.

### COUNT II- UNREASONABLE SEIZURE/FALSE ARREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983 AS TO MDWFP AND HOLIFIELD

### XIV.

Parker restates and realleges paragraph's I through XIII above as if specifically set forth herein. Furthermore, claims asserted in paragraphs (XIII) through (XV) solely apply to Defendant Officer Holifield in his individual capacity.

### XV.

Parker submits that he was unlawfully seized and arrested by Officer Holifield without probable cause to believe that Parker was engaged in criminal conduct. The

8

Fourth Amendment of the United States Constitution and Article 3 § 23 of the Mississippi Constitution embody the protection for its citizens against unreasonable searches and seizures.   The seizure in Parker's case was that of Officer Holifield's intentional actions in wrongfully employing his Taser and subsequently arresting Parker.  At the time such actions took place, Parker was unarmed and in the process of unloading his track hoe to assist in retarding the progress of a raging fire at the Dunkerton residence.  Officer Holifield's actions in shooting Parker in the back with a Taser and unlawfully arresting him were in complete violation of Parker's Fourth Amendment rights.  Officer Holifield's subsequent act of arresting, handcuffing and incarcerating Parker demonstrated governmental misconduct at the highest level, and thus a violation of Parker's Due Process rights protected by the Fourteenth Amendment.

## COUNT III- MISSISSIPPI TORT CLAIMS ACT -MDWFP ONLY

### XVI.

Parker restates and realleges the allegations in paragraphs I through XI above as if specifically set forth herein. As an alternative claim. Parker seeks redress under the Mississippi Tort Claims Act.

### XVII.

Defendant, Mississippi Department of Wildlife, Fisheries, & Parks, as defined in Miss. Code § 11-46-1(j), is not exempt from tortious liability pursuant to Miss. Code § 11-46-9(b), (c) and (d).  Officer Holifield, acting as a conservation officer with the course and scope of his employment, wrongfully employed his Taser, arrested and

incarcerated Parker.  Additionally, Parker was not engaged in criminal activity at the time and thus, Officer Holifield acted in reckless disregard for Parker's safety and well-being. The factual allegations in the preceding paragraphs adopted herein exhibit reckless disregard for Parker's safety and reckless disregard for his constitutional rights resulting in humiliation, defamation of character, false imprisonment and invasion of privacy.  The acts of such tortious conduct were the proximate cause of his injuries and damages.

## COUNT IV- ASSAULT AND BATTERY- HOLIFIELD ONLY

### XVIII.

Parker restates and realleges the allegations in paragraphs I through XI above as if specifically set forth herein.

### XIX.

Parker submits that Officer Holifield, acting in his individual capacity, intentionally, knowingly, and/or recklessly tased him in the back while Parker was unloading his track hoe to provide invaluable assistance in impeding the fire at the Dunkerton residence.  Parker did not at one time consent to such an unwanted and harmful invasion to his body. The unwanted invasion constituted an assault and battery to the person of Parker and was thus, the proximate cause of the bodily and emotional injuries he sustained.

## COUNT V- FALSE ARREST/IMPRISONMENT- HOLIFIELD ONLY

### XX.

Parker restates and realleges the allegations in paragraphs I through XI above as if specifically set forth herein.   Furthermore, claims asserted in paragraphs (XIX) through (XXI) solely apply to Defendant Officer Holifield in his individual capacity.

### XXI.

Parker pleads that Officer Holifield willfully detained him without his consent and without authorization under the law.   The factual allegations asserted in the paragraphs mentioned above show that Officer Holifield committed a false arrest and wrongful imprisonment when he handcuffed Parker and incarcerated him for the remainder of the night.   Such unlawful imprisonment resulted in harmful detention without authority of law.

## COUNT VI- ACTUAL/PUNITIVE DAMAGES-
## MDWFP AND HOLIFIELD

### XXII.

Parker restates and realleges the allegations in paragraphs I through XXI above as if specifically set forth herein, with regard to all causes of action.

### XXIII.

As a proximate result of the Defendants' constitutional and statutory violations as identified in each Count, Parker has suffered serious and substantial physical and emotional damages and injuries. Moreover, the egregious, intentional and willful

conduct of Officer Holifield and MDWFP entitles Parker to the imposition of punitive damages as to each Count (other than Count III under the MTCA).

### COUNT VII- ATTORNEY'S FEES AND COSTS UNDER 42 U.S.C, §1988

### XXIV.

Pursuant to the Civil Rights Attorney's Fees Award Act, Parker is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, William Timothy Parker, demands compensatory damages from Defendant, Mississippi Department of Wildlife, Fisheries & Parks under Counts I, II, III, VI, and VII, and Officer Holifield in his individual capacity, under Counts I, II, IV, V, VI, and VII in an amount greater than $ 500,000.00. As to the above Counts, excluding Count III, William Timothy Parker is entitled to an award of punitive damages in an amount greater than $ 500,000.00. Parker is also entitled to an award of attorney fees and expenses under 42 U.S.C. § 1988.

RESPECTFULLY SUBMITTED, this the 27th day of June, 2019.

WILLIAM TIMOTHY PARKER, PLAINTIFF

OWEN, GALLOWAY & MYERS, P.L.L.C.

BY: _____

JOE SAM OWEN (MSB #3965)

JOE SAM OWEN (Bar No. 3965)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
GULFPORT, MS 39502-0420
TEL:    (228) 868-2821
FAX:    (228) 864-6213
Email:   jso@owen-galloway.com

## IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

WILIAM TIMOTHY PARKER                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2019-053-cv7**

**MISSISSIPPI DEPARTMENT of WILDLIFE,**
**FISHERIES & PARKS, A STATE AGENCY,**
**AND OFFICER RICHARD HOLIFIELD**
**IN HIS INDIVIDUAL CAPACITY**                                    **DEFENDANTS**

### <u>SUMMONS</u>

**STATE OF MISSISSIPPI**

**TO:**   Governor Phil Bryant
501 Northwest Street, 8th Floor
Jackson, MS 392001

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Joe Sam Owen, the attorney for the Plaintiff, whose mailing address is Post Office Drawer 420, Gulfport, Mississippi, 39502, and whose physical address is 1414 25th Avenue, Gulfport, Mississippi 39501. Your responses must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint, or a judgment of default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL, this 8th day of July, 2019.

CLERK OF CIRCUIT COURT,
JONES COUNTY, MISSISSIPPI

BY: *Tammy Williams*
DEPUTY CLERK

## IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**WILIAM TIMOTHY PARKER**                                    **PLAINTIFF**

**VERSUS**                                    CIVIL ACTION NO. **2019 - 053-cv7**

**MISSISSIPPI DEPARTMENT of WILDLIFE,**
**FISHERIES & PARKS, A STATE AGENCY,**
**AND OFFICER RICHARD HOLIFIELD**
**IN HIS INDIVIDUAL CAPACITY**                                    **DEFENDANTS**

---

### COMPLAINT
### (JURY TRIAL DEMANDED EXCLUDING COUNT III)

The Plaintiff, WILLIAM TIMOTHY PARKER, complains of the Defendants, Mississippi Department of Wildlife, Fisheries & Parks, and Officer Richard Holifield in his individual capacity, to wit:

### PARTIES

### I.

Plaintiff, William Timothy Parker ("Parker"), is an adult resident citizen of Jones County, Mississippi.

### II.

Defendant, Mississippi Department of Wildlife, Fisheries & Parks ("MDWFP") is a state agency/department operating under statutory authority to employ conservation officer(s), in particular Officer Richard Holifield ("Officer Holifield"). Further, MDWFP is subject to claims under 42 U.S.C. §§1983 and 1988 as well as under the Mississippi Torts Claim Act ("MTCA"). Officer Holifield is subject to claims under 42 U.S.C §§1983

and 1988 as well as under common law state claims. Parker has fully complied with the prelitigation notice requirement of the MTCA (MS Code § 11-46-11) and process may be served MDWFP by service on Sam Polles Ph.D., Executive Director of MDWFP and Phil Bryant, Governor of the state of Mississippi, and Officer Holifield may be served at his place of residence, 58 Calhoun Circle, Laurel, Mississippi 39443.

### III.

During the times complained of herein, Defendant, Officer Holifield, as a MDWFP conservation officer, was acting under color of state law and is sued in his individual capacity pursuant to 42 U.S.C.§1983, 42 U.S.C. §1988 and the laws of the state of Mississippi, excluding Count III under the MTCA. At the times complained of, Officer Holifield was assigned by MDWFP to perform the duties as a wildlife, fisheries and parks conservation officer in Jones County, Mississippi. The acts, omissions and events articulated herein occurred in Jones County, Mississippi, Second Judicial District. Moreover, Officer Holifield was executing the official policy or engaged in the custom or practice of MDWFP in the activation and use of his Taser and in expanding his assigned duties from a conservation officer to that of a traffic officer at the scene of a fire involving a private residence. It was through the execution of the official policy, custom or practice of MDWFP by Officer Holifield that resulted in the infliction of physical and emotional anguish to Parker and renders MDWFP responsible under 42 U.S.C. §1983. The official policy, custom or practice of MDWFP and Officer Holifield is established through the policies of MDWFP, and/or the informal practices and customs of its conservation officers, such as Officer Holifield, the inadequate training, supervision and

2

discipline of Officer Holifield as well as the single act alleged herein which effectively vested in Officer Holifield the final policymaking authority to inflict injury on a volunteer fireman responding to an emergent and serious residential fire.

## JURISDICTION AND VENUE

### IV.

This is a civil action brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. This Court possesses concurrent jurisdiction with its federal counterparts for suits brought pursuant to 42 US.C. § 1983 and 42 U.S.C. §1988. Jurisdiction is also invoked pursuant to the state law claims advanced herein.

### V.

This Court has jurisdiction over the parties and subject matter of this litigation. Venue is proper in the Circuit Court of Jones County, Second Judicial District in accord with Miss. Code Ann. § 11-46-13.

## FACTS

### VI.

On August 4, 2018, Parker received multiple calls from separate individuals seeking his assistance as a volunteer fireman relating to a massive residential fire that was in progress at the residence of Rick and Paige Dunkerton in the Second Judicial District of Jones County, Mississippi. The individuals who placed the calls were, and presumably still are, associated with various volunteer fire departments and Parker was requested Parker to transport his personal track hoe to the Dunkerton residence to aid in the removal of the metal roof from the Dunkerton home. The roof was impeding the

3

ability of the volunteer firemen to access and extinguish the fire. Parker was advised that it was an emergent situation because the fire was intense, and the volunteer fire responders involved were unable to impede the rapid spread of the fire without removal of the roof.

## VII.

Without hesitation, Parker responded and as Parker emergently traversed Hebron-Centerville Road pulling a lowboy trailer loaded with the track hoe, he observed in his rear-view mirror two volunteer fire trucks responding to the fire. As he traveled closer to the Dunkerton residence he observed the smoke emanating from the raging fire and as he reached a curve in the road, he began applying his brakes but due to the traffic congestion on both sides of the road he could not safely stop and park his rig. As Parker approached the Dunkerton residence, Richard Holifield, a conservation officer with the Mississippi Department of Wildlife, Fisheries and Parks, suddenly emerged onto the road of travel and began waving his arms. Parker attempted to sound his airhorn to alert Officer Holifield that he could not stop, however, he could not reach the airhorn so when he was in near proximity to Officer Holifield he began hand signaling for Officer Holifield to clear his path of travel. As Parker reached the Dunkerton residence he quickly exited his vehicle and hurried to the rear of lowboy to unload the trailer. At that point, an uncontrolled and extremely hostile Officer Holifield pulled his vehicle to the rear of Parker's lowboy, exited his vehicle and embarked upon a course of physical and verbal conduct, including the use of profanity, claiming that Parker attempted to violently strike him with the rig. Officer Holifield had been

4

previously advised prior to the arrival of Parker that a rig was in route transporting a track hoe.

Officer Holifield, more concerned with his ego and not the least bit concerned about the burning home of the Dunkerton family, demanded that Parker place his hands on the car. Parker tried to explain to Officer Holifield that he was requested by several individuals associated with the Volunteer Fire Departments to assist with extinguishing the fire and that a critical and emergent situation was in place with the Dunkerton home. The Dunkerton's suffered the tragic loss of their daughter to cancer and they were frantically trying to salvage memorabilia and photographs of their daughter within the burning home.

## VIII.

Parker implored Officer Holifield to permit him to assist the volunteer firemen and to satisfy the out-of-control officer, Parker even advised Officer Holifield that once his volunteer service was completed he would report back to Holifield. When Parker turned to move toward the lowboy, Officer Holifield's anger and hostility consumed his thought process, which Parker submits has been the practice and custom of Officer Holifield, at which point Officer Holifield immediately and intentionally activated his Taser directed at the back of Parker. At that point, Parker collapsed to the ground and when Parker was able to regain his senses, Officer Holifield continued with his inappropriate and hostile behavior by handcuffing Parker, an individual who was voluntarily responding to an emergent and dangerous situation. While Officer Holifield was playing the role of a traffic officer and simultaneously sending the proverbial

message that he was the new sheriff in town, the Dunkerton home continued to burn out of control. Members of the Volunteer Fire Department(s) frantically reached the uncontrollable Officer Holifield with the hope of explaining and confirming to Officer Holifield that Parker was acting in the capacity of a volunteer fireman, but to no avail. Officer Holifield continued his rampage and even threatened to employ the Taser on others. Parker submits that Officer Holifield does not possess the disposition, temperament or self- control to carry a weapon of any nature.

## IX.

Judge Charles Pickering, the father of Paige Dunkerton, approached the uncontrollable Officer Holifield seeking to explain to him that Parker was volunteering his time and equipment to assist in controlling the fire. Officer Holifield was not interested in any explanation and was not the least bit concerned about the fire consuming the Dunkerton residence. Shortly thereafter, Officer Holifield reluctantly released the cuff from each wrist so Parker could perform his critical role of removing the roof. The Taser prongs were also removed from Parker's back. Parker, although injured from the Taser, quickly unloaded his track hoe and thereafter he began removing the roof from the burning house. After the roof was removed and the fire extinguished, Parker was again handcuffed, transported from the scene, processed under the guidance of the MDWFP and incarcerated for the entire night. During the booking process, Parker overheard a conversation between Officer Holifield and another MDWFP officer that Officer Holifield better insure that the arrest, the use of the Taser and the resulting incarceration of Parker "will stick."

### X.

As a result of this incident Parker sustained cracked ribs and an injury to his neck for which he was required to undergo pain management treatment. Parker suffered humiliation, embarrassment and emotional anguish as a proximate result of the intentional, inexcusable and illegal conduct of Officer Holifield as described herein.

### XI.

The multiple misdemeanor charges advanced by Officer Holifield against Parker resulted in a complete acquittal on each charge by the Justice Court in Jones County, Mississippi on October 11, 2018. Although Officer Holifield and MDWFP well-knew that the arrest, the use of the Taser and the incarceration of Parker was a gross miscarriage of justice, they continued to move forward on the misdemeanor charges fearful of the ramifications of the subject lawsuit. MDWFP and Officer Holifield were willing to continue to expose Parker to further embarrassment and humiliation, all for the purpose of self-preservation and using the criminal justice system to justify his outrageous and inexcusable conduct.

### COUNT I- EXCESSIVE FORCE CLAIM UNDER 42 U.S.C. § 1983 AS TO MDWFP AND HOLIFIELD

### XII.

Parker restates and realleges the allegations in paragraphs I through XI above as if specifically set forth herein. Furthermore, claims asserted in paragraphs (XIII) through (XV) implicate the conduct of Officer Holifield in his individual capacity.

## XIII.

The actions of Officer Holifield were objectively unreasonable and constituted criminally excessive force against Parker, who, at the time Officer Holifield employed excessive force towards him, was acting in the capacity of a volunteer firemen. Officer Holifield's actions in unlawfully and intentionally activating his Taser and arresting Parker were without a warrant, void of any exigent circumstances, and/or probable cause, thereby egregiously violating the "reasonableness" standard guaranteed under the Fourth Amendment of the United States Constitution. At all times pertinent to this action, Officer Holifield was acting under the color of state law and in his individual capacity as a conservation officer for MDWFP. The factual allegations adopted herein caused a deprivation of Parker's Due Process and Privacy Rights guaranteed under the Fourth and Fourteenth Amendments. Such deprivations were a direct and proximate cause of the injuries and damages Parker sustained.

## COUNT II- UNREASONABLE SEIZURE/FALSE ARREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983 AS TO MDWFP AND HOLIFIELD

## XIV.

Parker restates and realleges paragraph's I through XIII above as if specifically set forth herein. Furthermore, claims asserted in paragraphs (XIII) through (XV) solely apply to Defendant Officer Holifield in his individual capacity.

## XV.

Parker submits that he was unlawfully seized and arrested by Officer Holifield without probable cause to believe that Parker was engaged in criminal conduct. The

8

Fourth Amendment of the United States Constitution and Article 3 § 23 of the Mississippi Constitution embody the protection for its citizens against unreasonable searches and seizures. The seizure in Parker's case was that of Officer Holifield's intentional actions in wrongfully employing his Taser and subsequently arresting Parker. At the time such actions took place, Parker was unarmed and in the process of unloading his track hoe to assist in retarding the progress of a raging fire at the Dunkerton residence. Officer Holifield's actions in shooting Parker in the back with a Taser and unlawfully arresting him were in complete violation of Parker's Fourth Amendment rights. Officer Holifield's subsequent act of arresting, handcuffing and incarcerating Parker demonstrated governmental misconduct at the highest level, and thus a violation of Parker's Due Process rights protected by the Fourteenth Amendment.

## COUNT III- MISSISSIPPI TORT CLAIMS ACT -MDWFP ONLY

### XVI.

Parker restates and realleges the allegations in paragraphs I through XI above as if specifically set forth herein. As an alternative claim. Parker seeks redress under the Mississippi Tort Claims Act.

### XVII.

Defendant, Mississippi Department of Wildlife, Fisheries, & Parks, as defined in Miss. Code § 11-46-1(j), is not exempt from tortious liability pursuant to Miss. Code § 11-46-9(b), (c) and (d). Officer Holifield, acting as a conservation officer with the course and scope of his employment, wrongfully employed his Taser, arrested and

incarcerated Parker.  Additionally, Parker was not engaged in criminal activity at the time and thus, Officer Holifield acted in reckless disregard for Parker's safety and well-being.  The factual allegations in the preceding paragraphs adopted herein exhibit reckless disregard for Parker's safety and reckless disregard for his constitutional rights resulting in humiliation, defamation of character, false imprisonment and invasion of privacy.  The acts of such tortious conduct were the proximate cause of his injuries and damages.

## COUNT IV- ASSAULT AND BATTERY- HOLIFIELD ONLY

### XVIII.

Parker restates and realleges the allegations in paragraphs I through XI above as if specifically set forth herein.

### XIX.

Parker submits that Officer Holifield, acting in his individual capacity, intentionally, knowingly, and/or recklessly tased him in the back while Parker was unloading his track hoe to provide invaluable assistance in impeding the fire at the Dunkerton residence.  Parker did not at one time consent to such an unwanted and harmful invasion to his body. The unwanted invasion constituted an assault and battery to the person of Parker and was thus, the proximate cause of the bodily and emotional injuries he sustained.

### COUNT V- FALSE ARREST/IMPRISONMENT- HOLIFIELD ONLY

#### XX.

Parker restates and realleges the allegations in paragraphs I through XI above as if specifically set forth herein.   Furthermore, claims asserted in paragraphs (XIX) through (XXI) solely apply to Defendant Officer Holifield in his individual capacity.

#### XXI.

Parker pleads that Officer Holifield willfully detained him without his consent and without authorization under the law.   The factual allegations asserted in the paragraphs mentioned above show that Officer Holifield committed a false arrest and wrongful imprisonment when he handcuffed Parker and incarcerated him for the remainder of the night.   Such unlawful imprisonment resulted in harmful detention without authority of law.

### COUNT VI- ACTUAL/PUNITIVE DAMAGES-
### MDWFP AND HOLIFIELD

#### XXII.

Parker restates and realleges the allegations in paragraphs I through XXI above as if specifically set forth herein, with regard to all causes of action.

#### XXIII.

As a proximate result of the Defendants' constitutional and statutory violations as identified in each Count, Parker has suffered serious and substantial physical and emotional damages and injuries. Moreover, the egregious, intentional and willful

conduct of Officer Holifield and MDWFP entitles Parker to the imposition of punitive damages as to each Count (other than Count III under the MTCA).

<u>**COUNT VII- ATTORNEY'S FEES AND COSTS UNDER 42 U.S.C, §1988**</u>

**XXIV.**

Pursuant to the Civil Rights Attorney's Fees Award Act, Parker is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, William Timothy Parker, demands compensatory damages from Defendant, Mississippi Department of Wildlife, Fisheries & Parks under Counts I, II, III, VI, and VII, and Officer Holifield in his individual capacity, under Counts I, II, IV, V, VI, and VII in an amount greater than $ 500,000.00. As to the above Counts, excluding Count III, William Timothy Parker is entitled to an award of punitive damages in an amount greater than $ 500,000.00. Parker is also entitled to an award of attorney fees and expenses under 42 U.S.C. § 1988.

RESPECTFULLY SUBMITTED, this the 27th day of June, 2019.

WILLIAM TIMOTHY PARKER, PLAINTIFF

OWEN, GALLOWAY & MYERS, P.L.L.C.

BY: _____

JOE SAM OWEN (MSB #3965)

JOE SAM OWEN (Bar No. 3965)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25TH AVENUE
GULFPORT, MS 39502-0420
TEL:    (228) 868-2821
FAX:  . (228) 864-6213
Email:  jso@owen-galloway.com

12